**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

July 13, 2016

LETTER TO COUNSEL:

      RE:    *Johnny Moody o/b/o Keisha Mickle v. Carolyn W. Colvin, Acting Commissioner of Social Security*
             Civil No. TJS-15-1053

Dear Counsel:

      On July 1, 2015, the Plaintiff, Johnny Moody, petitioned this Court to review the Social Security Administration's final decision to deny his deceased wife's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 14 & 15.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301. (ECF Nos. 4 & 9.) I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Under that standard, I will deny both motions and remand this case for further proceedings. This letter explains my rationale.

      Keisha Mickle ("Ms. Mickle"), the deceased wife of Plaintiff Johnny Moody, filed her application for DIB and SSI in January 2012. (Tr. 156-66, 184.) She alleged disability beginning on June 15, 2011. (*Id.*) Her claims were denied initially and on reconsideration. (Tr. 66-79, 82-101.) A hearing was held before an Administrative Law Judge ("ALJ") on July 24, 2013. (Tr. 32-65.) On July 30, 2013, the ALJ determined that Ms. Mickle was not disabled under the Social Security Act as she retained the residual functional capacity ("RFC") to perform work at jobs that exist in significant numbers in the national economy. (Tr. 21-31.) Ms. Mickle died on November 30, 2013, and her widower, Johnny Moody, was made a substitute party.[1] (Tr. 7-8.) The Appeals Council denied Ms. Mickle's request for review on February 5, 2015, making the ALJ's decision the final, reviewable decision of the agency. (Tr. 1-3.)

      The ALJ evaluated Ms. Mickle's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Ms. Mickle was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since June 15, 2011. (Tr. 26.) At step two, the ALJ found that Ms. Mickle suffered from the severe impairments of "diabetes mellitus, diabetic neuropathy, asthma, allergic rhinitis, onychomycosis, ingrown toenails, left knee pain, and obesity." (*Id.*) At step

---

[1] *See* 20 C.F.R. §§ 404.503(b)(1) and 416.542(b)(1).

three, the ALJ found that Ms. Mickle's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings") (Tr. 27.) The ALJ determined that Ms. Mickle had the RFC

> to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, sit for a total of about 6 hours in an 8-hour workday, frequently balance and stoop, and occasionally climb, kneel, crouch and crawl. She must avoid concentrated exposure to extreme cold, extreme heat, humidity and fumes, odors, dusts, gases, poor ventilation, etc., and even moderate exposure to hazards. She requires the ability to alternate between sitting and standing about every 30 minutes.

(Tr. 27-28.)

At step four, the ALJ determined that Ms. Mickle was unable to perform any past relevant work. (Tr. 29.) At step five, the ALJ determined that, considering Ms. Mickle's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that she could have performed. (Tr. 30.) Therefore, the ALJ found that Ms. Mickle was not disabled under the Social Security Act. (Tr. 31.)

The core of Ms. Mickle's argument on appeal is that the ALJ failed to properly evaluate her credibility, and in doing so, arrived at an RFC determination that is not supported by substantial evidence.[2] Because I find that the ALJ failed to adequately explain why Ms. Mickle's statements were not credible, I am unable to determine whether the ALJ's RFC determination is supported by substantial evidence. I am therefore required to remand this case for further proceedings.[3]

In explaining his RFC determination, the ALJ stated that Ms. Mickle's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible for the reasons explained in this decision." (Tr. 28.) The ALJ's decision states that Ms. Mickle's activities of daily living "go beyond limitations that would preclude work." (Tr. 28.) The ALJ found that Ms. Mickle's activities of daily living include "taking care of her son, personal care without problem, preparing meals of fresh foods, cleaning, laundry, going out twice a week, shopping in stores, watching TV, and talking to her son." (*Id.*) In support of these

---

[2] Mr. Moody presents four related arguments on appeal: (1) that the ALJ failed to consider the entire record in formulating the RFC; (2) that the ALJ did not address all of Ms. Mickle's complaints and resulting functional limitations; (3) that the ALJ did not properly evaluate Ms. Mickle's credibility in accordance with Social Security Ruling ("SSR") 96-7p; and (4) that the ALJ did not properly consider the opinions of the state agency doctors. (Tr. 14-1.) I note that SSR 96-7p has, effective March 28, 2016, been superseded by SSR 16-3p, which would seem to apply upon remand.

[3] Because I am remanding this case on this basis, I decline to address the rest of Mr. Moody's arguments and express no opinion on their merits.

findings, the ALJ cites to an undated function report (Tr. 226-36) that Ms. Mickle completed. While the ALJ's cherry-picking from this report may paint of a rosier picture of Ms. Mickle's life than was actually the case, it is not the job of this Court to second-guess the ALJ's factual findings. Because the ALJ's findings regarding Ms. Mickle's abilities are apparently derived solely from this function report, it is not clear how the ALJ weighed other evidence in the record. During the administrative hearing, for example, Ms. Mickle testified that she generally stays in bed several hours per day because of nausea, which is a side effect she experiences from her medications. (Tr. 46-47.) She also testified that she experiences swelling in her legs and feet during the day that is so severe that she cannot wear ordinary shoes and must keep her legs elevated for between 6 and 8 hours each day. (Tr. 48.)

If deemed credible, these statements are at odds with the ALJ's findings that Ms. Mickle's daily activities went "beyond limitations that would preclude work." (*See* Tr. 28.) The ALJ, however, did not address these statements in his discussion regarding Ms. Mickle's credibility. Instead the ALJ cited to other parts of the record that demonstrate that Ms. Mickle was not compliant with the dietary recommendations of her physicians, that she did not monitor her blood glucose levels as directed, and that she did not undergo the gastric bypass surgery recommended by her physician.[4] While evidence of a claimant's noncompliance with treatment recommendations may be relevant to an ALJ's RFC determination, an ALJ's findings in this regard must be specific. *See Preston v. Heckler*, 769 F.2d 988, 990-91 (4th Cir. 1985) (stating that if "noncompliance is to be a basis for denying benefits, the Secretary must develop a record establishing by substantial evidence that the claimant's impairment 'is reasonably remediable by the particular individual involved' . . . and that [the] claimant lacks good cause for failing to follow a prescribed treatment program."). Here, the ALJ made reference to Ms. Mickle's failure to comply with the recommendations of her physicians, but did not explain how her noncompliance factored into the decision regarding her credibility.

While the Commissioner's motion explains why the ALJ's adverse credibility findings are supported by substantial evidence, this Court cannot permit this post hoc rationalization to take the place of the ALJ's reasoning. *See Monroe v. Colvin*, --- F.3d. ----, 2016 WL 3349355, at *10-11 (4th Cir. 2016) (stating that "a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling, including a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence") (internal quotation marks omitted); *see also Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (noting that an ALJ "must build an accurate and logical bridge from the evidence to his conclusion"). Because the ALJ's decision does not explain why he discredited Ms. Mickle's statements regarding her nausea, fatigue and edema, this Court cannot review the ALJ's decision to determine whether it is supported by substantial evidence. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (holding that "[i]f the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation'") (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

---

[4] At the administrative hearing, Ms. Mickle testified that her physician recommended that she wait to undergo gastric bypass surgery until she had resolved her other medical issues, including her vitamin D deficiency. (Tr. 56.)

The ALJ's decision states that Ms. Mickle's statements were "not entirely credible for the reasons explained in [the] decision." (Tr. 28.) The decision, however, does not actually provide the ALJ's reasons for finding Ms. Mickle less than credible. On remand, "if the ALJ decides to discredit [Ms. Mickle's statements], it will be incumbent on him to provide a clearer explanation of his reasons for doing so, such that it will allow meaningful review of his decision." *Monroe*, 2016 WL 3349355 at *11.

For the reasons set forth herein, Mr. Moody's Motion for Summary Judgment (ECF No. 14) and the Commissioner's Motion for Summary Judgment (ECF No. 15) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

> Sincerely yours,
>
> _____/s/_____
> Timothy J. Sullivan
> United States Magistrate Judge